## ELECTA F. GRANGER *vs.* MARTIN PIERCE.
### EUNICE P. WATKINS *vs.* SAME.

**A.** in consideration of $6000, paid to him by B., executed a bond by which he obliged himself to pay the interest of that sum or so much thereof as might be necessary for B.'s support to B. for life, and at her death to pay the principal and what might remain unexpended of the interest to C. In a suit upon the bond, *held*, that A. was liable for interest at the rate of six per cent., and not at the rate received by him from his investment of the money.

ACTIONS OF CONTRACT upon a bond. Both actions depended upon the same facts and involved the same questions, and were tried together in the Superior Court before *Rockwell*, J.

At the trial it appeared that the defendant had executed the following bond: " In consideration of six thousand dollars this day received of Electa Pierce, of Peru, Berkshire County, Massachusetts, widow of the late Ebenezer Pierce, of said Peru, I, Martin Pierce, of Peru, aforesaid, do hereby covenant with and bind myself, my executors, administrators, and my heirs to the said Electa Pierce, to Electa F. Granger, [the plaintiff in the first action,] wife of Lyman G. Granger, of Worthington, Massachusetts, to Eunice P. Watkins, [the plaintiff in the second action,] wife of Salem F. Watkins, of Litchfield, Ohio, and to Carlton A. Pierce, of Hinsdale, Massachusetts, son of the late Aaron Pierce, and to each of them and their respective executors and administrators, severally and separately as follows : I covenant and bind myself to the said Electa Pierce, to pay her annually the interest of said sum of six thousand dollars, or so much thereof as she may require for her proper support and comfort during her lifetime. To and with the said Electa F. Granger, Eunice P. Watkins, and Carlton A. Pierce, separately and severally, I covenant and bind myself to pay them each at the death of the said Electa Pierce, the sum of two thousand dollars, and to pay to the said Electa F. and Eunice P. equally whatever, if anything shall remain, of the interest of said six thousand dollars after having paid to Mrs. Electa Pierce, as aforesaid, so much of said interest as she may require for her proper support and comfort."

The defendant admitted his liability to pay to each of the plaintiffs the principal sum of two thousand dollars, together with one half of the interest remaining unpaid at the decease of Electa Pierce, but claimed and asked the court to rule that the rate of interest with which he was chargeable under the bond was limited to six per cent.

The plaintiffs introduced evidence, against the defendant's objection, tending to show that the six thousand dollars received by the defendant, and named in the bond as its consideration, consisted of three thousand dollars in United States bonds, and three thousand dollars in other securities, and in money, and that the defendant so kept these sums invested, and so managed them as to receive a larger rate of interest than six per cent., and claimed that he was chargeable with the interest he had received.

The presiding judge instructed the jury as follows : " The jury will ascertain from the evidence the amount of interest which the six thousand dollars earned, and which was received by the defendant at the rates at which it was invested, during the lifetime of Mrs. Electa Pierce ; they will also ascertain from the evidence the amount which the defendant paid to his mother Mrs. Electa Pierce, during her lifetime, and deduct the latter from the former, and each plaintiff will be entitled to a verdict for a sum equal to one half of the remainder, added to the principal sum of two thousand dollars."

The jury found verdicts for the plaintiffs accordingly, and the defendant excepted.

*M. Wilcox*, for the defendant.

*H. L. Dawes & A. J. Waterman*, for the plaintiffs, argued that the bond disclosed a trust ; and that the defendant as trustee was to be charged, at the election of the plaintiffs, with the actual receipts from the trust funds.

AMES, J.  The written obligation of the defendant, declared upon in each of these suits is an acknowledgment of the receipt by him of six thousand dollars, and a promise of repayment with interest in a certain prescribed manner.  It is a promise to the obligees severally according to their respective interests in the fund, and it requires that the fund shall remain in his hands dur-

ing the lifetime of Electa Pierce, to whom the interest, or so much thereof as should be necessary to her support was to be paid until her decease, and that upon the happening of that event, the principal fund and the unexpended interest are to be disposed of among the other obligees.

We think that in this contract the word "interest" is to be taken in its natural and usual sense of a compensation for the forbearance of money, and that the transaction did not create a trust in any other sense than that which is necessarily implied in the relation of debtor and creditor. The defendant made himself responsible for the safe return of the money at all events. He could not relieve himself of that responsibility, if the money should be lost, by any amount of evidence of care, skill, and prudence on his part in its investment and management. No provision is made for any compensation for his services as a trustee. No obligation is declared in the instrument, except that of repayment. The disposition of the money is left absolutely at his disposal, and to all appearance it became his money. To account for it with interest in the manner and at the time prescribed by the contract is all that he has undertaken to do ; and to make him accountable for anything more would require an unauthorized alteration of the contract. Its proper interpretation gives to the obligees respectively the advantage of certainty and distinctness as to the amounts payable to them ; and leaves entirely at his risk the contingencies of profit or loss resulting from his management of the fund. And this was the apparent intent of the parties. Unless the plaintiff in each case will remit therefore such a sum as will make the verdict conform to this view of the case, *The exceptions must be sustained.*