## TOBIN & NEARY v. HARTSHORN.

1. **Taxes in Aid of Railroads**: DELAY IN PAYMENT: PENALTIES: INTEREST: EFFECT OF REPEAL OF STATUTE. For the failure to pay a tax voted in aid of a railroad, under chapter 123, Laws of 1876, the penalties provided by § 866 of the Code were incurred; but, as the statute first named was repealed by chapter 159, Laws of 1884, which took effect April 9, 1884, the penalties then ceased to accrue, although those which had accrued were not affected by the repeal of the statute. (Code, § 45, par. 1.) And, as the penalty for the month of April, 1884, had accrued when the statute was repealed, and was payable May 1st following, the amount for which the tax-payer was thereafter liable was the sum of the taxes and accrued penalties, with interest thereon at six per cent per annum from May 1, 1884.

2. ———: ———: ———: REPEAL OF STATUTE: VESTED RIGHTS. The penalty provided to enforce the payment of a tax in aid of a railroad, under chapter 123, Laws of 1876, was but a remedy, in which the corporation had no vested right, except so far as the penalty had already accrued, and it was in the power of the legislature to cut off its further operation, as to a tax already voted, by repealing the statute.

3. ——: ——: ——: FIVE PER CENT LIMIT. Penalties imposed for the non-payment of taxes in aid of railroads, under the provisions of chapter 123, Laws of 1876, cannot be avoided on the ground that the tax and penalty together exceed the five per cent limit fixed by the same statute.

*Appeal from Palo Alto District Court.*

FRIDAY, OCTOBER 22.

THIS is an agreed case. The relief sought by plaintiffs is a decree declaring that the penalties and interest upon a five per cent railroad tax be canceled and set aside. By the decree of the court below it is held that a part of the penalties cannot be collected. Both parties appeal. The defendants first perfected their appeal, and are therefore designated as appellants.

*Soper, Crawford & Carr* and *S. K. Tracy,* for appellants.

*Harrison & Jenswold,* for appellees.

BECK, J.—I. The agreed statement of facts, so far as it need be stated, is in the following language: "That the plaintiffs are residents of the township of Emmetsburg, in Palo Alto county, Iowa, and at the dates hereinafter mentioned were a firm composed of T. H. Tobin and J. F. Neary; and in the year 1881 said firm was the owner of lot No. eleven, (11) in block No. 26, in Emmetsburg, Iowa, and of the stock of goods in the store building thereon, which were subject to taxation for the year 1881, at the assessed value of $2,800; that E. J. Hartshorn is the treasurer of Palo Alto county, Iowa; that the Cedar Rapids, Iowa Falls and Northwestern Railroad Company is a corporation organized under the laws of the state of Iowa; that in the year 1881 a five per cent tax was voted and levied upon all the taxable property in said township of Emmetsburg, Palo Alto county, Iowa, to aid in the construction of said Cedar Rapids, Iowa

Falls & Northwestern Railway, which became payable on the second day of January, 1882; that plaintiffs, with others, enjoined the collection thereof by temporary injunction; that in the case of *Chicago, M. & St. P. R'y Co. v. Shea*, determined by the supreme court of Iowa on the fifteenth day of December, 1885, and published in 67 Iowa, 728, to which reference is here made, it was determined that said five per cent tax was valid and collectible; that, by stipulation of the parties, the plaintiff's said suit was made to abide the decision of said cause in said court; that said five per cent tax upon said property, amounting to $140, was placed upon the tax-list of Palo Alto county, Iowa, for the year 1881, and the same placed in the hands of said treasurer of said county for collection; that no part of said five per cent tax, nor any penalties nor interest thereon, has been paid and received by the treasurer of said Palo Alto county, Iowa; but that on the twenty-fourth day of February, 1886, the said Tobin & Neary duly tendered and offered to pay to said treasurer of Palo Alto county, Iowa, the said five per cent tax, to-wit, the said sum of $140, and also interest upon said sum of $140 at the rate of six per cent per annum, from and including the first day of February, 1882, to and including said twenty-fourth day of February, 1886, which the said county treasurer then and there refused to accept and receive, the said county treasurer claiming and demanding, in addition to the said five per cent taxes, the full amount of the penalties named in section 866 of the Code of Iowa, and refusing to accept or receive anything less than the full amount of the said five per cent taxes, together with the further sum of 135 per cent penalties thereon, and added thereto, which said penalties, over and above the sum of six per cent per annum upon said five per cent taxes from and including the first day of February, 1882, to and including the twenty-fourth of February, 1886, the said Tobin & Neary then and there refused to pay; and said treasurer is proceeding to collect said five per cent taxes, together with

penalties thereon, as provided by section 866 of the Code of Iowa."

The court below determined, and so decreed, that there is due and collectible upon the tax, the penalty, as provided by Code, § 866, from the date the tax became delinquent up to the first day of May, 1884, in whole amounting to sixty-nine per centum of the original tax, and interest upon the tax and penalty at the rate of six per centum per annum, from May 12, 1884, to the date of the judgment. All other penalties and interest were canceled and set aside.

II.  The tax in controversy was voted and levied under chapter 123, Laws 1876.  This statute was repealed by chapter 159, Laws 1884, § 1.  There is no provision in the last statute preserving rights accrued under the statute repealed.  Counsel for plaintiff insist that by the repeal of the statute all authority for the collection of the tax, or any part of it, is taken away.  But Code, § 45, par. 1, declares that "the repeal of a statute does not revive a statute previously repealed, nor affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under and by virtue of the statute repealed."  The duty to pay the tax had been imposed, and the right to collect and receive it had accrued, and the penalty upon the tax had been incurred, when the repealing act was passed. These rights and duties were excepted from the operation of that act by this provision, which has the same effect as a saving clause in a repealing act intended to except them would have had.  *Cedar Rapids & M. R'y Co. v. Carroll Co.*, 41 Iowa, 153; *City of Burlington v. Burlington & M. R. R'y Co.*, Id., 134; *Bartruff v. Remey;* 15 Id., 257.  We conclude, therefore, that the tax, and the penalty thereon, due at the time of the repeal of the statute authorizing the tax, may be collected.

III.  Counsel for defendant insist that, as the penalty became a part of the tax, the right of defendant thereto was

*1. TAXES in aid of railroads: delay in payment: penalties: interest: effect of repeal of statute.*

Tobin & Neary v. Hartshorn.

2. —: —: repeal of statute: vested rights. vested, and could not be taken away by legislation. This proposition is true as to the penalties incurred, and which were due at the time of the repeal. But the beneficiary of the tax had no vested right in penalties which might have accrued had there been no repeal of the statute authorizing the penalties upon taxes in aid of railroads, and the enactment of a provision taking away the penalties for the non-payment of such taxes. Laws 1884, ch. 194. As defendant had no vested right in the penalty because it had not accrued, it was competent for the legislature to repeal the statute authorizing it. While the penalty, when it accrued, became a part of the consideration inducing the corporation to build the railroad, it pertained to the remedy of the corporation; being the means to hasten or enforce the payment of the tax. See *City of Burlington v. Burlington & M. R. R'y Co.*, 41 Iowa, 134. It was therefore within the power of the legislature to take it away.

IV. Counsel for defendants insist that, as chapter 194 of the Laws of 1884, did not, by its terms, take effect until the second Tuesday of November, 1884, the penalties were not taken away, for the reason that the penalties provided by the substitute could not have applied to taxes bearing penalties under the statute which was in force until November. This is counsel's position, as we understand it. But, whatever it may be, it is not sound, for the reason that penalties upon five per cent railroad taxes were not imposed by the statute repealed by chapter 194, Laws 1884, but by chapter 123, Laws 1876, which was repealed by chapter 159, Laws 1884, which took effect April 9, 1884.

V. Counsel for plaintiff insist that, as the statute authorizing the vote and levy of the tax limited the amount to five per centum upon the assessed value of the property of the tax-payer, it cannot be increased beyond that per centum by penalties. As we have said, the penalty pertains to the remedy, and is no part of the tax when it is levied, but, when incurred, it may

B. —: —: —: five per cent limit.

become a part thereof as to its collection and appropriation. It possesses the character and nature of interest in this regard. No more than five per centum was voted and levied, and no claim or obligation arose as to any greater sum until default in payment. It then became due and payable with the tax, and as an incident thereof. Besides, as the law authorized the penalty, the vote and levy were made in contemplation thereof. The statute, in authorizing the tax, contemplated that it would be voted and levied subject to the provision that penalties would be incurred upon the default of payment thereof. Laws 1876, ch. 123, § 2.

VI. The same counsel object to the allowance of interest after May 1, 1884. The penalties ceased then, for the statute repealing the prior statute authorizing penalties took effect April 9th, and the penalty for that month had been incurred. All the penalties were due and payable May 1, 1884. As in all other cases where money is due and payable, interest follows. The court below therefore rightly included interest from May 1st in the sum due to the beneficiary of the tax.

SAME AS NO. 1 ante.

The foregoing discussion disposes of all questions in the case.

The judgment of the district court is, on both appeals,

AFFIRMED.