THE BARBER ASPHALT PAVING COMPANY, Appellee, v.
WEBSTER COUNTY, IOWA, J. T. RYAN, County Treas-
urer, the CITY OF FORT DODGE, IOWA, Appellants.

**Municipal corporations:** PUBLIC IMPROVEMENT: SPECIAL ASSESSMENTS:
PENALTIES: WHO ENTITLED TO. A contractor who constructs a

public improvement under a contract with a municipality that the cost shall be assessed against abutting property, and special assessment certificates bearing interest shall be accepted in payment, is entitled not only to the interest provided in the certificates, but to the penalties collected by the county treasurer, in cases where the assessments are collected by him as ordinary taxes; as the same are incident to the tax, and in which neither the county nor municipality has any right or interest.

*Appeal from Webster District Court.*—HON. W. D. EVANS, Judge.

THURSDAY, JULY 1, 1909.

THE opinion states the nature of the case and the material facts.—*Affirmed.*

*B. J. Price* and *Mitchell & Hackler,* for appellants.

*Read & Read,* for appellee.

WEAVER, J.—The plaintiff, a contractor, constructed a pavement under a written contract with the city of Ft. Dodge. By the terms of this agreement, it was provided that, upon completion of the work, the city should proceed to assess the cost thereof, except for street and alley intersections, upon the abutting property, and that the certificates of such special assessments, payable if requested in installments with interest at six percent per annum, should be accepted by the contractor in satisfaction for the paving done along such abutting property. By ordinance of the city it was also provided that, where the owners of the property failed to take advantage of the offered plan of payment in installments, the whole amount should become due and payable "at the same time and in the same manner as the March semiannual payment of ordinary taxes." The same provision was made as to maturing in-

stallments where that plan was adopted.   Plaintiff's work having been completed, the certificates were issued and delivered to it according to the requirements of the contract.   The taxes thus assessed, levied and certified were duly entered upon the county treasurer's books.   In some instances they were allowed by the property owners to become delinquent, and on such taxes the treasurer collected the usual penalties as provided by statute.   Code, section 1413; Code, section 825.   The principal sum of the taxes thus collected with the certificate rate of six percent interest has been paid over to plaintiff by the treasurer, who withholds the penalties charged and received by him on the theory that they are due and payable to the county or to the city, each of which appears and contests the right of the plaintiff to the fund in controversy.   The trial court found for the plaintiff and entered judgment in its favor. The defendants appeal.

We find no ground on which to question the correctness of the judgment.   To permit the plaintiff to recover the penalties collected is in no manner to disregard the statutory provision which limits the interest on special assessments to six percent per annum.   Code, section 825. Nor is it inconsistent with the stipulation for interest contained in the contract or in the form of certificate issued. The excess collected beyond the statutory or contract limit is not interest (which is a premium paid for the use of money), but is a penalty which a party to whom the debt or tax is due is entitled to exact both as a stimulant to prompt payment and as compensation for possible injuries which the latter may suffer by reason of the delay.   The aggregate of all the taxes thus levied is ordinarily a large sum, and its value to the contractor will evidently be diminished, if, instead of receiving it promptly when due, it is left outstanding for a long time until collected in fragments from month to month, and year to year.   If payment is delayed, it is he who is discommoded, and it would

be strikingly unjust to hold that the penalty which the debtor pays for neglecting to discharge his obligation shall go not to his creditor who has been injured, but to a party which has not the slightest interest in the tax when collected. This penalty is independent of the contract, and the right to exact it is not a right which the city or county has any power to grant or to take away. It is a right created by statute which we quote as follows: "All such taxes with interest shall become delinquent on the first day of March next after their maturity and shall bear the same interest with the same penalties as ordinary taxes." Code, section 825. It is the tax on which the penalties are assessed, and, if the tax is due to the contractor, it is difficult, indeed, to frame any good reason for saying that the penalty thereon should be paid to a stranger in interest. The tax is the substance or principal thing of which the statute treats, while the penalty is a mere incident thereto, and passes with it even as the lien of the tax upon the property described in the certificate passes with it to an assignee of such instrument. Such, in substance, is the effect of our former holdings. In *Tobin v. Hartshorn,* 69 Iowa, 648, where the matter of penalties upon taxes voted in aid of railway construction was under consideration, we said: "As defendant had no vested right in the penalty because it had not accrued, it was competent for the Legislature to repeal the statute authorizing it. While the penalty when it accrued became a part of the consideration inducing the corporation to build the railroad, it pertained to the remedy of the corporation being the means to hasten or enforce the payment of the tax." In an earlier case we said that penalties upon delinquent taxes "are the common means resorted to as an incentive to the prompt payment of taxes and assessments. Penalties when prescribed in the case of delinquent taxes become a part thereof, and are collected in the same manner. They are regarded in the same light as interest imposed by law on

contracts which become part of the debt and is collected with it." Appellants point us to no statute indicating a different purpose. The fact that it is the duty of the city to make the assessments and of the county treasurer to collect the tax, and that incidental expense may attach to such duty, is immaterial. It was part of the city's contract to make the proper assessment and issue the required certificates in consideration of the plaintiffs undertaking to lay the pavement. The county treasurer is required by law to make the collection as part of the duties of his office, and for services so performed neither he nor the county is entitled to exact compensation nor profit except as the statute may provide for it. Counsel cite authorities to the effect that the imposition of such penalties is an act of sovereignty similar to that of eminent domain, and is intended to compel the delinquent taxpayers to meet in some degree the expense caused by the failure to make payment in due season. All this may be conceded, but it brings us not a step nearer the position which must be assumed in order to permit the appellants to receive the money here in controversy. The state by the Legislature has permitted cities to exercise the taxing power in this manner, and, when the tax has been levied, to transfer the certificate therefor to the contractor, together with the right to have the tax enforced for his benefit, with all the incidents which would attach to it in the hands of the city itself. To repeat, neither county nor city has any right in or interest whatever in these penalties. They are incident to the tax, and go with it to the certificate holder.

The judgment appealed from is therefore *affirmed*.