H. R. JOHNS, Administrator of the Estate of Mary A. Johns
    Keene, Deceased, Appellant, v. F. H. RICE, Administrator
    of the Estate of Hattie T. Knowles, Deceased, and WILBUR
    F. KNOWLES.

Negotiable instruments: INTEREST: TIME OF PAYMENT: CONSTRUCTION.
1    Where a note for a term of years failed to specify the time for
     paying interest, it would be payable at the same time as the prin-
     cipal; but when coupled with a mortgage securing the note, executed
     as a part of the same transaction and providing for payment of
     annual interest according to the tenor and effect of the note, there
     was no conflict between the two instruments, the mortgage simply
     being more specific on the subject, the transaction as a whole pro-
     viding for payment of annual interest.

Same: REFORMATION OF INSTRUMENTS.    Although the makers of a note
2    supposed that interest thereon would not be payable until maturity
     of the principal, and the mortgage securing the same was to the same
     effect though providing for payment of interest annually, but the
     matter was not suggested to the payee and there was no evidence of
     any mistake on the part of the payee, reformation of the mortgage
     by striking out the provision for payment of annual interest was
     erroneous.

*Appeal from Woodbury District Court.*—HON. WM. HUTCHIN-
SON, Judge.

TUESDAY, FEBRUARY 10, 1914.

ON September 17, 1910, Wilbur F. Knowles and wife
executed to plaintiff their promissory note in words following:
"$4,500.    *Sioux City, Iowa, September 17, 1910.    Five years*
after date *we* promise to pay to the order *of* Mary A. Johns
Keene, *four thousand five hundred dollars,* for value received,
negotiable and payable without defalcation or discount and
with interest from *date* at the rate of *four per cent.* per an-
num, until paid.    *Wilbur F. Knowles.    Hattie F. Knowles.*

Due September 17, 1915." To secure the payment thereof, they executed a mortgage on certain real estate for which it was part of the purchase price in the usual form and conditioned that if the Knowles "shall pay or cause to be paid to the said Mary A. Johns Keene, her executor, administrators, or assigns, the sum of $4,500 on the 17th day of September, 1915, with interest thereon payable annually according to the tenor and effect of one note of the said Wilbur F. Knowles and Hattie F. Knowles, payable to Mary A. Johns Keene, dated September 17, A. D. 1910, then these presents to be void, otherwise to remain in full force." The mortgage further provided that "if default shall be made in payment of said sums of money or any part thereof, principal or interest, . . . then the whole indebtedness shall become due and the said party of the second part may proceed by foreclosure . . . to make the amount of said note together with all interest and costs." As the mortgagor paid no interest, this action was begun December 19, 1911, praying judgment for the entire indebtedness and the entry of a decree foreclosing the mortgage. A general demurrer was overruled, and an answer filed wherein defendants admitted the execution of the note and mortgage and alleged that the note was a printed form with the words appearing in italics typewritten; that interest prior to its delivery on October 17, 1910, was indorsed as paid; that the mortgage was also a printed form filled in by typewriting and ink, and it is alleged that the words "payable annually" printed in said mortgage were misdescriptive of the note and contradictory of its terms and were left therein by mistake and without intention to modify the terms of the note; that the note and mortgage were given as part purchase price for a house and furniture in pursuance of a contract exacting "a mortgage given back on the property for $4,500 five years' time at 4 per cent." The defendants prayed that the mortgage be reformed by striking therefrom the words "payable annually," and that they go hence with their costs. Decree was entered reforming

the mortgage by eliminating therefrom the words "payable annually," dismissing the petition, and entering judgment on a counterclaim. The plaintiff appeals.—*Reversed.*

*Evans & Evans,* for appellant.

*Marks & Marks,* for appellee.

LADD, C. J.—The promise·was to pay $4,500 five years after date, "with interest from date at the rate of 4 per cent. per annum until paid." As no different time was fixed for the payment of interest, it would be payable, but for the mortgage, at the same time as the principal; the promise to pay the interest being construed to pay it with the principal at the time the latter becomes due. *Saunders v. McCarthy,* 90 Mass. (8 Allen) 42; *Ramsdell v. Hulett,* 50 Kan. 440 (31 Pac. 1092); *Koehring v. Muemminghoff,* 61 Mo. 403 (21 Am. Rep. 402).

1. NEGOTIABLE INSTRUMENTS: interest: time of payment: construction.

The condition of the mortgage was that the makers caused to be paid "the sum of $4,500 on the 17th day of September, 1915, with interest thereon, payable annually, according to the tenor and effect" of the promissory note. The word "tenor" in a pleading imports that the exact words are set out. *McDonnell v. State,* 58 Ark. 242 (24 S. W. 105); *Edgerton v. State* (Tex. Cr. App.), 70 S. W. 90; *Thomas v. State,* 103 Ind. 419 (2 N. E. 808). But as found in other instruments, especially when coupled with "effect" as "according to the tenor and effect of," it is construed as meaning purport and effect or intent and meaning. *Jones v. Casler,* 139 Ind. 382 (38 N. E. 812, 47 Am. St. Rep. 274). Or, as said in *Dobbins v. Parker,* 46 Iowa, 357, "tenor does not mean the exact language but the purport, substance, general course, or drift." The note and mortgage, having been executed at the same time and as part of the same transaction, are to be construed together. *Des Moines Savings Bank v. Arthur,* 163

Iowa, 205. In doing so effect should be given the language of each instrument, if possible. The mortgage provides that the interest shall be "payable annually," and as the note is silent on this subject, save by construction, there is no obstacle for not giving effect to this provision. *Dobbins v. Parker, supra,* is in point; the court there saying: "There is no real conflict between the notes providing for 10 per cent. interest per annum from date, and the mortgage providing for interest at the rate of 10 per cent. per annum payable annually. If the notes had expressly provided that the interest should be payable annually, and the mortgage had provided that the interest should be payable semiannually, there would have been a case of real conflict. But in this case the mortgage specifically provides for something respecting which the notes are silent, and the provisions of the mortgage might be incorporated into the notes without creating any inconsistency. The notes would then read, 'With 10 per cent. interest per annum, from date, payable annually.' "

The evidence disclosed that the makers of the note supposed interest would not be payable until the maturity of the note, and that the mortgage corresponded therewith, though this was not suggested to the payee or those acting for her, and there was no evidence tending to show that there was any mistake on her part. Since there was no inconsistency between the note and mortgage, and "payable annually," was not left in the latter through mutual mistake, the court erred in decreeing the reformation of the mortgage by eliminating these words and in dismissing plaintiff's petition. Decree of foreclosure should have been entered as prayed.—*Reversed.*

2. SAME: reformation of instruments.

Evans, Weaver, and Preston, JJ., concur.