MADELLA RYSTAD, Plaintiff, Appellant, v. BUENA VISTA COUNTY DRAINAGE DISTRICT No. 12 et al., Appellees.

**DRAINS: Assessments—Interest—From What Date Computed.** Assessments, of benefits for drainage improvements draw interest from the date of the original assessment by the board of supervisors, whether the amount is fixed by the board of supervisors or by the court on appeal. (Sec. 1989-a12, Sup. Code, 1913.)

**DRAINS: Assessments—When Delinquent—Penalties.** Penalties for the nonpayment of assessments of benefits for the construction of drainage improvements are held in abeyance, pending an unsuccessful appeal on behalf of the drainage district to the Supreme Court from an order of the district court reducing the assessment made by the board of supervisors. (Sec. 1989-a26, Sup. Code, 1913.)

**TENDER: Insufficient in Amount—Relief on Appeal.** While an insufficient tender will not be excused simply because the adversary makes an illegal and excessive demand, yet in a proper case the judgment on appeal will be so modified as to preserve the rights of one making an insufficient tender.

PRINCIPLE APPLIED: The public authorities demanded certain sums as interest on taxes and certain sums as penalties. The demand for interest was legal; the demand for penalties was illegal. The taxpayer made an insufficient tender. The land was sold for taxes, interest and penalties. A demurrer to the petition

in equity to set aside the tax sale was properly sustained because of the insufficient tender. To affirm would leave the judgment of the lower court as an apparent adjudication. *Held*, the judgment would be so modified on appeal that it would not stand as an adjudication in bar, but in abatement only.

*Appeal from Buena Vista District Court.—*HON. D. F. COYLE, Judge.

SATURDAY, MAY 8, 1915.

SUIT in equity to set aside a tax sale and to enjoin a tax deed thereunder and for equitable relief. An equitable demurrer to the petition was sustained and the petition was accordingly dismissed. The plaintiff appeals.—*Modified and Affirmed.*

*Guy Mack,* County Attorney, and *James Deland,* for defendants, appellees.

*Helsell & Helsell,* for appellant.

EVANS, J.—It is made to appear from the petition that the plaintiff is and was the owner of a quarter section of land situated in a drainage district which was established on or about July 31, 1909. The board of super-

1. DRAINS: assessments: interest: from what date computed.

visors ordered separate assessments against each 40-acre tract to a total amount of $2,777.75. From these assessments, an appeal was prosecuted by the owner to the district court. The assessments by the board of supervisors upon the 40-acre tracts were, respectively, $1,347.97, $941.95, $362.88, and $124.95. The two tracts carrying the highest assessments are referred to in the record as the north forties. The case came to a hearing in the district court in June, 1910, and the following assessments were adjudged by the district court: $950, $625, $362.88, and $124.95. From such judgment of the district court, an appeal was prosecuted on behalf of the district to this court, where the judgment of the district court was later

affirmed. Immediately after the entry of judgment in the district court, the owner tendered full payment of the amount adjudged by the district court without interest, which tender was refused by the treasurer. The opinion of this court was filed October 25, 1912. On November 29th thereafter, a written tender of payment was served upon the treasurer, which will be hereafter referred to. This tender was refused, and in January following, the land was sold at tax sale for the amount of the assessments as fixed by the district court, with interest at 6% from the date of the original assessment by the board of supervisors, and penalties at 1% a month from March 1, 1910, a period of thirty-four months. The contention of the plaintiff is that he was liable only for the amount found by the district court and affirmed by this court, with 6% interest thereon from the date of affirmance herein, viz., October 25, 1912. The contention of the defendants is already indicated by the interest and penalties added for the tax sale as above stated. Before bringing his action, the plaintiff made a written tender in strict accord with his present contention.

I. Inasmuch as the facts pertaining to the north forties upon which the original assessment was reduced in the district court are in that respect different from the facts pertaining to the other 40-acre tracts, we will first consider the respective rights of the parties as to these north forties. A few provisions of the statute may be conveniently set forth here:

Code Supp. 1907, Sec. 1989-a12, among other things provides: "When the day set for hearing shall have arrived, the board of supervisors shall proceed to hear and determine all objections made and filed to said report, and may increase, diminish, annul, or affirm the apportionment made in said report, or in any part thereof as may appear to the board to be just and equitable; . . . and when such hearing shall have been had, the board shall levy such apportionment so fixed by it upon the lands within such levy or drainage district; and all installments of the tax shall be levied at that

time and *shall bear interest at six per cent. per annum from that date.*"

Sec. 1989-a13 provides: "Said tax shall be levied upon the lands of the owners so benefited in the ratio aforesaid and collected in the same manner as other taxes for county purposes."

Sec. 1989-a26, among other things, provides: "But where no such terms and agreement in writing shall be made by the owner of any land, lot, or premises then the whole of said special assessment, so levied upon and against the property of such owner, shall mature at one time and be due and payable *with interest from the date of such assessment,* and shall be collected at the next succeeding March semiannual payment of ordinary taxes. All of such tax with interest shall become delinquent on the first day of March next after its maturity and shall bear the same interest with the same penalties as ordinary taxes."

The first inquiry which naturally arises is whether the assessments fixed by the district court should bear interest from the date of the original assessment by the board of supervisors. It will be noted that the statute provides for interest from such date. This is a part of the provision for equality in the assessments. In the *Lightner* case, 156 Iowa 398, 406, we held that it was the duty of the district court to give effect to this provision. But in that case, the district court had refused to do so, and such fact appeared upon the record. Manifestly, the district court could give effect to this provision of the statute by making the assessment sufficiently large to include such an item, or by providing that the sum fixed should bear interest from the previous specified date. The real issue in litigation in the district court on appeal is, what amount should have been assessed by the board of supervisors against the land in question as its equitable share of the burden? Such amount being ascertained and declared, it ought to

bear interest from the original date precisely as it would have done if it had been made by the board in the first instance. Nothing less than this would preserve equity in the distribution of the burden. In construing the order of the court, therefore, on such appeal, we think that it ought to be construed *prima facie* as a declaration of the amount which ought to have been assessed originally. In such case, it should be deemed to draw interest from the original date as provided by the statute. On the other hand, if it should be made to appear that the item of interest from the original date had been considered by the court and either included or rejected, then such order would be necessarily conclusive until reversed on appeal. Such was the situation presented in the *Lightner* case, *supra*.

There is nothing in the present record to justify construing the order of the district court on appeal otherwise than as fixing the amount which should have been assessed against the land in question upon the original date. We think, therefore, that the provision of the statute would apply, and that it should be deemed to bear interest from such date.

II. On the question of penalties, a somewhat different situation is presented. If there had been no appeal from the order of the board of supervisors, no penalties could have attached before March 1, 1911. Under the statute above quoted, the tax did not mature or become due until March 1st following, and it would not become delinquent until the "first day of March next after its maturity." We reach the further conclusion that, upon the record in this case, the taxes did not become delinquent on March 1, 1911, and were therefore not subject to penalty at that time. The landowner exercised his statutory right of appeal from the assessment of the board of supervisors. The question thus presented was triable *de novo*. The right of appeal would be a barren right if, pending the appeal, penalties should be permitted to absorb the fruits of final success. The appeal is a part of the statutory method

2. DRAINS: assessments: when delinquent: penalties.

provided for determining the amount of assessments which should be levied upon the land. Pending such determination, the tax cannot become delinquent in the sense that it is subject to penalty. The reasonableness of this result is manifested in this case by the fact that the landowner was successful on his appeal to the district court, and the public officers prosecuted the appeal from the district court to this court. The delay caused by the appeal of the landowner to the district court was comparatively brief. The delay of the subsequent appeal was considerable.

Appellee relies in argument on the following cases: *C. R. & M. R. R. Co. v. Carroll County,* 41 Iowa 153-192; *Litchfield v. Hamilton County,* 40 Iowa 66; *Tobin v. Hartshorn,* 69 Iowa 648-653.

It is enough to say that the plaintiff in each of the cited cases attacked by injunction the validity of the tax as a whole and was defeated. He was not availing himself of any statutory right of appeal for the purpose of determining the true amount which should be levied against him. We think it clear that the cited cases do not govern at all the present case.

III. In the *Lightner* case, the district court fixed the date at which the taxes assessed should become delinquent. Upon appeal to this court, a new date was fixed for such delinquency. We think this is the correct course to pursue in such cases. In brief, therefore, we hold:

(1) That the amount of benefits as finally assessed against a landowner should, as a matter of equality between the various taxpayers, bear interest from the date of the original assessment by the board of supervisors;

(2) That on the question of penalties, the plaintiff should not be deemed to have become delinquent, pending the appeal of his opponents to this court.

The conclusion thus reached is determinative also of the same questions arising as to the other tracts of land upon which the original assessment was not disturbed.

IV. On November 29, 1912, the plaintiff served upon the county treasurer the following written tender:

"You will please take notice that Madella Rystad, widow of A. R. A. Rystad, and the present owner of the South West Quarter of Section 26 of Township No. 93, of Range No. 37, West of the 5th Principal Meridian, Buena Vista County, hereby tenders to you and offers to pay you by payment to the County Treasurer of Buena Vista County, Iowa, the sum of $2,062.83 as drainage tax in Drainage District No. 12 in Buena Vista County, Iowa, and being the amount determined upon in the appealed case on such drainage tax by the Supreme Court of Iowa, October 25th, 1912. Said opinion being in affirmance of the decision of the district court of Buena Vista County, Iowa, together with 6% interest on said sum from said date, October 25th, 1912, to the date of this tender, in full payment for the drainage tax legally assessed in said district."

3. TENDER: insufficient in amount: relief on appeal.

Upon this tender the present petition rests. The petition does not offer to do more than to pay $2,062.83 with interest from October 25, 1912. The amount thus tendered was not and is not enough. The sum of the situation is, then, that the demand for penalties was illegal. The demand for interest from July, 1909, was legal. There was legally due from the plaintiff the sum adjudged by the district court, with interest from the date of original assessment. The illegal demand for penalty and the wrongful sale for taxes not delinquent would not justify the plaintiff in tendering less than was due. The burden was and is upon the plaintiff to tender equity. She has not done so. Though we find, as a matter of law, that she is now and hereafter entitled to redeem from the tax sale without penalty or other interest than herein indicated, this entitles her to no relief under her petition. Because of her insufficient tender, the demurrer to her petition was properly sustained.

The ruling of the court, however, did not indicate the

ground thereof, nor did the judgment of dismissal. On the face of it, it might be hereafter pleaded as an adjudication in bar against any further relief to the plaintiff even as against the illegal penalties exacted; whereas we sustain it on the one ground herein indicated and as a judgment in abatement and not in bar. The appellees have contended here for the right to penalties, and their argument has sustained the judgment below on that ground. The judgment below will, therefore, be modified to the extent herein indicated, and will be made to rest upon the specific ground herein stated, without prejudice to the right of plaintiff hereafter to tender and make redemption without penalties from the tax sales in question, and to enforce such right by another action.

In view of the state of the record and the result here, the costs of this appeal will be apportioned one-half to each party. This apportionment does not affect the taxation of costs in the lower court.—*Modified and Affirmed.*

DEEMER, C. J., SALINGER and PRESTON, JJ., concur.