BARBER ASPHALT PAVING COMPANY, Petitioner, v. DISTRICT
    COURT OF POLK COUNTY et al., Respondents.

**MUNICIPAL CORPORATIONS:** Public Improvements—Assess-
ments—When Delinquent—Appeal. Penalties for the nonpay-
ment of assessments for the construction of street improvements
are held in abeyance, pending appeal to determine the legality
and correctness of such assessments.

**APPEAL AND ERROR:** Review, Scope of—Noneffective Judgments
or Orders. Jurisdiction of the court to enter an order will not
be considered on appeal when such order works no change what-
ever in the rights of the parties.

*Certiorari to Polk District Court.*—CHARLES A. DUDLEY,
Judge.

JUNE 20, 1917.

REHEARING DENIED DECEMBER 14, 1917.

ORIGINAL writ of certiorari sued out of this court to the
district court of Polk County, whereby the legality of its
action is challenged.—*Petition dismissed.*

*Read & Read,* for petitioners.

*Henry & Henry,* for respondents.

EVANS, J.—*Gilcrest & Co. v. City of Des
Moines,* 161 N. W. 645, was a case appealed
from the Polk district court. In the district
court, it was an appeal from the certain as-
sessments made by the city council of Des
Moines. The decree of the district court on such appeal
was affirmed here. The assessment was made by the city
council, December 1, 1913; the decree of the district court
was entered in July, 1915; and the affirmance was had

1. MUNICIPAL
CORPORATIONS:
public im-
provements:
assessments:
when delin-
quent: appeal.

here on March 12, 1917. After the affirmance here, a *procedendo* was issued to the district court. It appears from the briefs that the appellants undertook to pay the assessments confirmed against them, but were confronted with a demand by the county treasurer for penalties at 1 per cent a month from March 1, 1915. Such demand was made for the benefit of the plaintiff herein, as the party beneficially interested. The appellants in the original action, therefore, filed an application in the district court for a supplemental order, and the following supplemental order was entered by such court:

"It is hereby ordered and adjudged that said assessments shall draw interest at the rate of 6 per cent per annum from the date thereof, to wit, December 31, 1913, and shall be subject to the penalty of 1 per cent per month from March 12, 1917, until paid, and that, upon payment of said sums to the county treasurer by the said parties, their several assessments shall be discharged and satisfied."

The petitioner herein challenges the jurisdiction of the court to make such order in such original case. It challenges, also, the merits of the order as made. If the county treasurer wrongfully refused to discharge the assessment without payment of penalties, then the plaintiffs in the original case were entitled to a remedy by some method of procedure, and we may as well dispose first of the question of merit. As we understand the record, the order entered by the district court was in accord with the tender of the appellants in the original case. It is in strict accord with our construction of the statute, as set forth in *Rystad v. Buena Vista County Drain. Dist.*, 170 Iowa 178. We said in that case:

"We reach the further conclusion that, upon the record in this case, the taxes did not become delinquent on March 1, 1911, and were therefore not subject to penalty at that time. The landowner exercised his statutory right of appeal

from the assessment of the board of supervisors. The question thus presented was triable *de novo*. The right of appeal would be a barren right if, pending the appeal, penalties should be permitted to absorb the fruits of final success. The appeal is a part of the statutory method provided for determining the amount of assessments which should be levied upon the land. Pending such determination, the tax cannot become delinquent in the sense that it is subject to penalty."

See also *Young v. Young,* 179 Iowa 1259.

We held in the same case that the assessments should be deemed to draw interest from the original date, in order to maintain equality as between the various taxpayers. If the supplemental order had not been made by the district court, it would be no less the duty of the county treasurer to follow the rule of construction set forth in the *Rystad* case. The order of the district court, therefore, added nothing to the rights of the parties, and took nothing therefrom. Whether it be permitted to stand or whether it be annulled, the relative rights of the parties under the original decree would be precisely the same. The order has the merit, at least, of being advisory, and advice seems to have been needed by the county treasurer from some source, to prevent illegality on his part. We think, therefore, that the petitioner was in no manner aggrieved in a legal sense by the supplemental order, and we need not deal with the question of jurisdiction. We do not overlook that the petitioner was not, in strictness, entitled to a review of the merits of the order of the district court, except by appeal therefrom. Upon this record, however, the question of merit and that of jurisdiction are very closely related, and have both been presented by petitioner in argument. We have, therefore, disposed of the question

2. **APPEAL AND ERROR: review, scope of: non-effective judgments or orders.**

of merit as being necessarily decisive. In view of our conclusion thereon, this course is advantageous to both parties, and not prejudicial to either. The petition will be—*Dismissed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.