MARY H. SAYLES *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk.    November 17, 1933. — March 28, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Tax,* On income. *Interest. Bond,* Of corporation. *Words,* "Interest from bonds."

A promise in a corporate bond, that the corporation on certain conditions would reimburse a holder thereof, resident in this Commonwealth, for any income tax imposed by the Commonwealth on account of interest from the bond, was not a collateral undertaking of the corporation, but was an integral part of the obligation of the corporation to pay compensation for use of the money for which the bond was issued.

A sum paid by the corporation above mentioned to a holder of the bond resident in this Commonwealth, to reimburse him, in accordance with such promise, for an income tax previously paid by him on interest received from the bond, was taxable as "interest from bonds" under G. L. (Ter. Ed.) c. 62, § 1 (a).

APPEAL, filed in the Supreme Judicial Court for the county of Suffolk on September 15, 1933, from a decision by the Board of Tax Appeals denying a petition by the appellant for an abatement of a certain tax on income.

Material facts are stated in the opinion.

*W. H. Hitchcock,* for the taxpayer.

*C. F. Lovejoy,* Assistant Attorney General, for the Commissioner of Corporations and Taxation.

DONAHUE, J. The appellant, an inhabitant of Massachusetts, during the year 1929 owned, and received interest from, bonds of various corporations. The interest received was subject to taxation, was reported by her in her income tax return for that year and she paid a tax assessed to her upon it. The bonds contained a provision in substance that the corporations would reimburse a holder thereof, who was a resident of Massachusetts, for any income tax imposed by the Commonwealth on account of interest from such bonds, if application for reimbursement were made within a stated time after payment of the tax. The appellant duly made an application and received from the corporations the sum of $257.84 as such reimbursement. She did not include that sum in any tax return. The commissioner of corporations and taxation, in 1932, assessed to the appellant an additional income tax for the year 1930 amounting with interest to $17.25, based on the amount of $257.84 which she had received as such reimbursement. An application to the commissioner for an abatement of the tax of $17.25 was refused, she paid the tax under protest and took an appeal by petition to the Board of Tax Appeals. From its decision in favor of the commissioner she has appealed to this court.

The only issue is whether the sum of $257.84 received by the appellant as reimbursement for the tax paid by her on interest received from her bonds was taxable as "interest from bonds" under G. L. c. 62, § 1 (a). That statute so far as here material provides: "Section 1. Income of the classes described in subsections (*a*), (*b*), (*c*) and (*e*) received by any inhabitant of the commonwealth during the preceding calendar year, shall be taxed at the rate of

six per cent per annum.   (*a*) Interest from bonds, notes, money at interest and all debts due the person to be taxed . . . ."

In construing the statute we have in mind that tax statutes must be construed strictly, and that the power to tax must be found expressed in apt words and cannot be deduced by implication. *Osgood* v. *Tax Commissioner*, 235 Mass. 88, 90. *De Blois* v. *Commissioner of Corporations & Taxation*, 276 Mass. 437, 438.   The "natural import of words according to the ordinary and approved usage of the language when applied to the subject matter of the act, is to be considered as expressing the intention of the Legislature." *Boston & Maine Railroad* v. *Billerica*, 262 Mass. 439, 444.

The bonds obligated the corporations issuing them to make regular periodical payments of sums of money computed at a stated rate on the principal amount of the bonds.   Such payments are manifestly to be made as compensation for the use of that amount of money and are generally and properly described as payments of "interest." The bonds contain a further obligation of the corporations to any owner residing in this Commonwealth.   Such an owner is entitled to receive not only interest at the stated rate but, as well, a further sum of money, if the amount he has received as "interest" becomes depleted by the payment of an income tax assessed to the owner based on that "interest."   Because of this provision for reimbursement his actual yearly return or income from the bonds is in fact not permanently diminished by reason of the payment of that income tax.   The question here to be decided is whether income thus paid to an owner to insure his receipt of the full amount of interest at the rate stated in the bonds is taxable under the statutory classification "interest from bonds."

The provision for the payment of a tax refund made the bonds more salable when they were first issued and thereafterwards, and more desirable at all times to an investor. Such payments were part of the compensation which the issuing corporation was willing to pay for the use of the

money; they are additions to the return or income from his investment which the owner, if a resident of Massachusetts, was entitled to receive. A material element in the decision to purchase a particular bond is the total income it will yield on the amount invested. The total income from a bond containing a tax refund provision is the stipulated interest plus the amount of the refund. The two elements are not severable in source or purpose. The refund provision was not a collateral undertaking of the corporation, independent of the debt or of the agreement to pay a stated percentage of the principal sum. From the time the bonds were issued it was an integral part of the corporations' promise to pay compensation for the use of money. The ordinary owner would have purchased the bond relying upon the refund provision and in receiving a refund he is only taking what was part of the promised compensation, contemplated by him upon purchase as part of the return which would result from making the investment. As must have been understood both by the issuing corporation and the owner of such a bond, a refund to the owner of an amount paid by him as income tax is a payment as compensation for the use of money. We think that the payment of $257.84 by the corporations to the appellant was in effect nothing more or less than a payment of such compensation.

"The word interest in its usual sense is the compensation fixed by the parties or allowed by law for the use of money or as damages for its detention." *Hayes* v. *Commissioner of Corporations & Taxation*, 261 Mass. 134, 136. *Granger* v. *Pierce*, 112 Mass. 244, 246. *Corcoran* v. *Henshaw*, 8 Gray, 267, 278. In construing the phrase of the statute with which we are here concerned we think the word "interest" should be taken in that usual sense. The Legislature as part of a comprehensive system for the taxation of incomes has made income, classified in the statute as "interest from bonds," taxable. Giving to those words their usual and natural meaning we think they adequately express the intent of the Legislature to include as taxable, refunds paid as compensation for the use of money

by a corporation issuing the bonds, to an owner of those bonds.

The appellant argues that if a tax on the refund already made be held valid then the corporation would be compelled to refund the amount of that additional tax and that there would be a succession of such taxes and refunds in diminishing amounts. It was deemed a sufficient reference to a similar argument in *Old Colony Trust Co.* v. *Commissioner of Internal Revenue*, 279 U. S. 716, 730–731, to say that since no attempt had been made to collect such further taxes it was not necessary to answer such argument. If we assume without deciding that such result as the appellant suggests were possible we do not think it is a reason for attaching a more restricted meaning than here given to the words "interest from bonds." In *Wolbach* v. *Commissioner of Corporations & Taxation*, 268 Mass. 365, where the words "interest from . . . money at interest" are construed, the reference to the characteristics of "money at interest" does not constitute the declaration of a general rule which affects the conclusion here reached.

*Petition dismissed.*