F. J. WEINRICH, Appellee, v. ROBERT THEODORE HAWLEY et ux., Defendants; ROBERT THEODORE HAWLEY, Appellant.

No. 46676.

JULY 27, 1945.

L. W. Powers and E. A. Norelius, both of Denison, for appellant.

Floyd E. Page and M. M. Harding, both of Denison, for appellee.

WENNERSTRUM, J.— Plaintiff, in a foreclosure action, sought collection of a promissory note in the amount of $5,000 and interest, and a decree of foreclosure of a real-estate mort-

gage given to secure the note. The mortgaged land is an unimproved eighty acres in Crawford County, Iowa. The defendants interposed several defenses, which will be later commented upon in this opinion. The trial court held against the defendants on all their claimed defenses except that it allowed certain credits for payments which the plaintiff had failed to give. From the judgment and decree of foreclosure entered by the trial court, the defendant Robert Theodore Hawley alone has appealed.

The appellant, Robert Theodore Hawley, and Alice Hawley, his wife, on November 1, 1930, borrowed the sum of $5,000 from J. W. Miller, Jr., of Denison, Iowa, and as evidence of this transaction executed a note for $5,000 and a mortgage to secure its payment. On November 28, 1930, the note and mortgage were sold and assigned by Miller to F. J. Weinrich, the appellee, who has since that date been the owner thereof.

The note provided for interest "at the rate of 5½ per centum per annum, payable semi-annually, according to the tenor of ten interest notes of One Hundred Thirty-seven & 50-100 Dollars each * * *." The note further provided that, "Defaulting principal and interest to draw eight per cent interest after maturity." The interest-coupon notes, in the amount of $137.50 each, carried the following provision: "This note to draw eight per cent interest after maturity." The mortgage which secured the indebtedness of the appellants had the following provision as to interest:

"* * * with interest thereon at the rate of 5½ per cent per annum from the date thereof, the interest to become due and payable semi-annually according to the tenor of ten interest coupons to said note attached, to-wit: On the first day of May and November in each year, until such sum is fully paid * * * with interest upon both principal and interest after maturity at the rate of eight per cent per annum."

The interest payments due on the principal indebtedness were regularly made until November 1, 1932. Fifty dollars was paid in November 1932 to apply on interest but no regular payments of interest were made thereafter. However, $700 was paid by appellant to appellee between August 22, 1934, and

August 22, 1939. These payments had not been credited by the appellee at the time the original action was brought but upon admission of the receipt of these amounts by the appellee at the trial credit was given therefor by the trial court in its findings and decree. In connection with one of the defenses interposed by the appellant it should be further stated that sometime during the fall of 1941 the appellee and the appellant met in Denison, the appellee having previously sent word to the appellant that he desired to meet him. It is the appellant's contention that he told the appellee that he could have the land or $5,000. It is appellant's testimony that the appellee stated that "he didn't want the land but he would take the $5,000." The appellant further testified that the appellee stated that he had to leave town and would be back in a couple of weeks. The record further shows that the appellee did not come back for two years and that when he did return he started the present action. It is the appellant's further contention that, relying upon the statements of the appellee that he would take $5,000, appellant abandoned the idea of going into bankruptcy, and that he thereafter contracted to purchase an adjoining tract of land so that he would have a more productive and economical unit of operation. The claimed arrangement as testified to by the appellant is denied by the appellee. It is further shown that the appellant made no attempt to raise the $5,000; that he never wrote to the appellee about it; and it is further shown that the appellee never wrote the appellant and his wife concerning these claimed arrangements.

One of the defenses interposed by the appellant and his wife is that the action is barred by the statute of limitations. The note sued on provided that the principal indebtedness was due November 1, 1935. Appellee's action was commenced by the filing of his petition for foreclosure on October 20, 1943. The basis for this claimed defense develops by reason of certain statements incorporated in the pleadings filed by the appellee. The record discloses that appellee in his petition stated:

"* * * that said plaintiff has elected to declare that said principal note is due and payable according to its terms, because the makers thereof have failed to pay the interest thereon

which fell due on November 1st, 1932, within ten days after the same became due and payable * * *."

It is further shown that in a reply filed by the appellee, but which appellant asserts is in fact an amendment to his petition, it is stated:

"* * * that said provision provides for acceleration of the maturity date of the principal amount of said note if default is made in payment of interest and that the defendants, having defaulted in the payment of part of the interest due on November 1, 1932, the plaintiff exercised his option and declared the entire amount of the note due on the last named date and that said amount draws interest at the rate of 8 per cent per annum since said date."

The appellant and his wife in an amended and substituted answer admitted the allegations previously referred to. The statements incorporated in the appellee's petition and his reply and the admission of these allegations on behalf of the appellant and his wife are the basis for the claim that the action is barred by the statute of limitations. In connection with these several pleadings attention should be called to the fact that the trial commenced on April 13, 1944. The record is not long and the testimony undoubtedly was concluded that day or the following day. There is no showing that there was an adjournment of the trial. The appellee's reply, to which reference has been made, was filed on April 27, 1944. The substituted answer of the appellant and his wife was filed on May 1, 1944. A motion to strike portions of the second amended and substituted answer of the appellant and his wife was filed on May 10, 1944, and an amendment to the reply was filed by the appellee on May 10, 1944. On July 11, 1944, the court filed a ruling on the motion to strike certain portions of the second amended and substituted answer, which ruling is not attacked in this appeal. In connection with the ruling on the motion to strike there was incorporated the court's ruling and decree on the merits of the case. It will thus be observed that many of the pleaded matters which are the subject of controversy were filed subsequent to the taking of the evidence in this case.

I. As previously stated, one of the grounds upon which the

appellant seeks a reversal is that the present action is barred by the statute of limitations. Although we do not find merit in this claim, we believe that it justifies consideration and discussion in this opinion. As set forth in the statement of facts, the appellee made allegations in his pleadings, some of which definitely state that he had declared the entire indebtedness due upon the failure of appellant and his wife to pay the interest installment due on November 1, 1932, and others might be so construed. We do not deem it necessary to give consideration to the question whether or not the pleadings indicate that the appellee so elected. We hold that the holder of an instrument that seeks to accelerate its maturity date must take some positive action to exercise his option to declare payments due under an acceleration clause of the instrument. We find that the authorities support this holding.

Many authorities are noted and commented upon in the case of Wentland v. Stewart, 236 Iowa 661, 19 N. W. 2d 661, and we do not deem it advisable or necessary to comment on them again in this opinion. We refer to Division II of that case and the citations there noted in support of our holding in this division.

In 36 Am. Jur. 884, 885, section 393, we find this statement, which supports our previously announced conclusions:

"Even a declaration may be a sufficient exercise of the option, but to be effective, the declaration must be followed by an affirmative act toward enforcing the declared intention."

Other authorities that hold to the same effect are: Industrial Inv. Co. v. Vondersmith, Tex. Civ. App., 104 S. W. 2d 553, 555; National Debenture Corp. v. Smith, Tex. Civ. App., 132 S. W. 2d 429, 431; Walter v. Kilpatrick, 191 N. C. 458, 132 S. E. 148, 150.

In the case of Coffin v. Younker, 196 Iowa 1021, 1025, 195 N. W. 591, 592, there is found further authority for our present holding. We there said:

"It is to be noticed that, under the terms and provisions of the mortgage in question, an 'option' is given to the mortgagee to foreclose the mortgage for the entire debt, upon a default

in the payment of an installment of interest. How must such option be exercised?

"In Swearingen v. Lahner, 93 Iowa 147, we held that no previous notice of an election to declare the principal and interest due because of a breach of this kind in the provisions of a mortgage, or any demand for payment, was essential prior to the commencement of an action for the entire indebtedness. An 'option' is given by the terms of the mortgage to the mortgagee. The exercise of this option to declare the entire indebtedness due in such a case is not the mere mental act of the mortgagee, but it is clearly manifested when the mortgagee commences an action for the foreclosure of the mortgage. Beyond any question, the commencement of such a suit is the exercise of the option given under the terms of the mortgage. Moore v. Crandall, 146 Iowa 25; Buffalo Center Land & Inv. Co. v. Swigart, supra."

See, also, Collins v. Nagel, 200 Iowa 562, 565, 203 N. W. 702; Whitney v. Krasne, 209 Iowa 236, 225 N. W. 245.

Despite the construction which the appellant would put upon the pleadings of the appellee, we hold that the statute of limitations did not start to run by reason of the statement in the pleadings. We hold, as appears to be the general rule, that there must be some effectual action taken, such as the commencement of an action for a judgment on a note, by an action of foreclosure, or some other effective action to accelerate the due date of the instrument sued on.

II. It is appellant's further contention that the appellee is estopped to claim more than $5,000, with interest at five per cent from October 1, 1941, by reason of the fact that the appellee had, in conversations with the appellant, represented that he would accept that amount. It is further contended that there was a new contract made between the parties as the result of this agreement. We believe these two contentions can be discussed and disposed of together.

We do not deem it necessary to set out in detail the conversations between the appellant and the appellee. We have given careful consideration to the entire record but do not find in the evidence justification for holding that there was an agree-

ment as claimed by the appellant. We believe the summarization of the facts bearing upon this particular question as made by the trial court very thoroughly sets out the true situation. It is as follows:

"As to the claimed agreement to settle the indebtedness for $5,000.00 as of October 1941, the evidence given by the defendant, Robert Theodore Hawley, and by the plaintiff, F. J. Weinrich, is in direct conflict. The acts of both parties after the time do not indicate any such agreement. There is no evidence that the defendant thereafter made any effort to raise $5,000.00, although it appears that it was understood he would have to obtain a loan in order to raise the money. There is no evidence that plaintiff thereafter demanded payment of the $5,000.00. Neither of the parties did anything after October 1941 until October 1943, which would look toward a completion of any settlement agreement. Neither even communicated with the other or attempted to communicate, so far as the evidence shows, except that plaintiff testified that after the time of claimed settlement he wrote defendants demanding interest. Defendants did not deny this. The acts of the parties tend rather to show that there was no such agreement. The Court is of the opinion that the minds of the parties did not meet on any proposition by which the defendants were to be relieved of their indebtedness by payment of $5,000.00. It appears clear that the plaintiff still expected and demanded some additional payment above this amount for delinquent interest while the defendants were attempting to avoid payment of the delinquent interest."

It is the rule that the essential elements of estoppel must be clearly shown. Smith v. Coutant, 232 Iowa 887, 890, 891, 6 N. W. 2d 421.

The required degree of proof is not found in appellant's evidence. He testifies to facts upon which he claims his plea of estoppel but the appellee in turn denies the facts and statements made by the appellant. On this state of the record we cannot hold that an estoppel has been established.

III. It is the appellant's claim as to the principal note of $5,000 that there should be but one computation of penalty interest of eight per cent after maturity, and not

eight per cent per annum as allowed by the court. The trial court held that in connection with the penalty interest to be charged the note and mortgage involved in this litigation should be construed together, and that when thus construed they provide for penalty interest at the rate of eight per cent per annum computed upon all unpaid interest from the due date thereof. In other words, the penalty interest would apply to the interest-coupon notes from the date of their maturity and the penalty interest on the principal note should be computed from its due date. We hold, as did the trial court, that this interest should not be compounded.

It should be kept in mind that the principal note provides that, "Defaulting principal and interest to draw eight per cent interest after maturity." Each of the interest-coupon notes provided, "This note to draw eight per cent interest after maturity." The mortgage states, as to interest after maturity, as follows: "* * * with interest upon both principal and interest after maturity at the rate of eight per cent *per annum.*" (Italics supplied.)

Interest is the compensation fixed by the parties or allowed by the law for the use of money or as damages for its detention. Sayles v. Commissioner of Corporations and Taxation, 286 Mass. 102, 189 N. E. 579, 91 A. L. R. 1267, 1269. Interest "is a premium paid for the use of money." Barber Asphalt Paving Co. v. Webster County, 143 Iowa 255, 257, 121 N. W. 1072, 1073. Interest at a named rate, in its accepted meaning, is the compensation for the use of money for annual or other stipulated periods. This has long been the accepted understanding in connection with the compensation for the use of money and we hold that such a construction and interpretation must be made in the instant case. However, inasmuch as the appellant has raised the question as to what "eight per cent after maturity" means, we believe that the note and mortgage should be construed together as an aid in interpreting the meaning of the words in question. This conclusion is supported by the case of Johns v. Rice, 165 Iowa 233, 235, 236, 145 N. W. 290, 291, where we said:

"The note and mortgage, having been executed at the same

time and as part of the same transaction, are to be construed together. Des Moines Savings Bank v. Arthur, 163 Iowa, 205. In doing so effect should be given the language of each instrument, if possible. The mortgage provides that the interest shall be 'payable annually,' and as the note is silent on this subject, save by construction, there is no obstacle for not giving effect to this provision.''

See, also, Swearingen v. Lahner & Platt, 93 Iowa 147, 150, 61 N. W. 431, 26 L. R. A. 765, 57 Am. St. Rep. 261, and cited cases.

Under the situation as presented in this case we hold that, as an aid to our ascertaining the meaning of the words used, the note and mortgage should be considered together. When so considered there can be no question except that the note means annual interest payments of eight per cent after the maturity of the several notes. We believe also it is a significant fact worthy of note that in the principal note of $5,000 the note provides for initial interest ''at the rate of 5½ per centum *per annum.*'' This mode of computation as thus provided should, we believe, be considered in connection with the manner of calculation of interest after maturity.

The appellant argues that the parties could not have contemplated the payment of an indebtedness that would be over twice the amount of the original indebtedness. We can only answer this contention by stating that the appellant and his wife have seen fit to delay the payment of interest due on their loan agreement. They made the agreement and we find no grounds or basis by which we can rewrite the contract.

Upon a review of the entire record and a consideration of the several claims which the appellant makes in seeking a reversal we have reached the conclusion that the trial court was correct in its conclusions of law and that it should be affirmed.—Affirmed.

All JUSTICES concur.