FARMERS AND MERCHANTS BANK, Appellee, v. F. W. DAIKER AND THERESA DAIKER, Appellants.

**Negotiable instruments:** MATURITY: WAIVER: EVIDENCE. A note payable at a fixed date and containing a provision that the payee may at his option declare the full amount due for nonpayment of interest does not become absolutely due for failure to pay interest at its maturity, but the default in that respect may be waived by subsequent acceptance of the delinquent interest. Some affirmative action on the part of the holder showing an inten-

tion to take advantage of the option must be taken to make the provision effective.

In the instant case the evidence is held to show a waiver of the maker's default in payment of interest.

*Appeal from Sac District Court.*—HON. Z. A. CHURCH, Judge.

MONDAY, DECEMBER 18, 1911.

ACTION at law upon three promissory notes. At the close of the evidence, a motion by plaintiff for a directed verdict in its favor was sustained, and defendants appeal. The material facts are stated in the opinion.—*Reversed.*

*George W. Bowen* and *S. M. Elwood,* for appellants.

*E. A. Wissler* and *Hutchinson & Jacobs,* for appellee.

WEAVER, J.—The notes sued upon are three in number; two of them being each for the principal sum of $1,000, and the third for the principal sum of $1,500. They all bear date July 5, 1909, and fall due July 5, 1912. Each provides for interest at the rate of 8 percent, payable annually, and that a failure to pay any of said interest within five days after due shall, at the option of said obligee or his legal representatives, cause the whole note to become due and collectible at once without notice." This action was begun October 8, 1910; the petition alleging that defendants had defaulted in the payment of interest, thereby maturing the plaintiff's demand for recovery of the principal indebtedness. The only issue we have to consider on this appeal is one raised by defendants' plea in abatement. They allege that after the year's installment of interest became due, and before this action was begun, they tendered and paid to plaintiff the full amount of said interest, and at the same time and place they tendered and

offered to pay to the plaintiff the interest, if any, which had accrued upon said installment from the day it became due. They further allege that plaintiff did not elect to exercise its option to declare the notes due for nonpayment of interest, but, on the contrary, accepted the payment of the interest as such, and assured the defendants that they were all right for another year, and that nothing more would be due until the arrival of the next interest period, thereby waiving its right to declare the notes due because of that default.

The evidence tends to show without material dispute that on September 16, 1910, the defendant, F. W. Daiker, inquired of the plaintiff bank about the interest installment which had fallen due in July, and was informed by the cashier that the amount of such interest was $240. Daiker went out, and, having procured that sum, paid it over the counter to a bank officer, one Parker, who then discovered that a mistake had been made in computation, and said to Daiker that $40 more was required. Daiker again withdrew, and again returned, bringing the additional $40 and delivered it to Parker. These payments were indorsed upon the notes as being for interest; but so much of said indorsements as indicated that the money had been received for interest was afterward erased by the cashier, and the amounts were so divided and shifted as to indicate payments generally. As far as appears, no suggestion was there made to the defendant that plaintiff would insist upon exercising its option to declare the notes due, or would demand payment of the principal indebtedness. On the contrary, defendant swears that the money was paid as interest, and that in paying it he said to the cashier: "This will square us for another year." Furthermore, he appears to have feared that, as his payment was of the exact amount due at the end of the interest period, he might be held in default if he did not pay interest on this installment up to September 16th, and therefore offered to pay

whatever sum had thus accrued, but was told: "It is all right for another year." This testimony is not denied. Indeed, in most respects it is corroborated by the bank officers themselves.

The motion for a directed verdict is based upon the proposition that at the time the suit was begun the notes had, as a matter of law, become due by failure of defendants to pay the July installment of interest, and that the evidence was not sufficient to sustain a plea of waiver of plaintiff's right to enforce their collection. This ruling can not be sustained. The notes did not become absolutely due on default in payment of the interest installment. Appellee had the right or "option" to so consider them, and to proceed at once to bring suit upon them, but was under no obligation so to do. It could waive the default and permit the notes to run without payment of any interest until they fell due on July 5, 1912, and the statute of limitations would not begin to run against the principal debt before that date. If, the interest installment being past due, its payment was tendered or offered by the defendant, and plaintiff received and accepted the same as interest, or if, knowing that defendant paid it, understanding that it was being received in satisfaction of the past-due interest, it will be held to have waived the default, and can not thereafter make it a ground for declaring the whole debt due. *Jones v. De Moss,* 151 Iowa, 112; *Watts v. Creighton,* 85 Iowa, 158; *Smalley v. Ranken,* 85 Iowa, 614; *McCarthy v. Benedict* (Neb.), 131 N. W. 598; *Richardson v. Warner* (C. C.), 28 Fed. 343; *Lowenstein v. Phelan,* 17 Neb. 429, 22 N. W. 561.

By the express terms of the contract the right to declare the note due upon default is permissive only, and the principal debt does not mature until the holder of the note takes some advantage of the default, by bringing suit, or by some other unequivocal act. Failing to thus move, and accepting payment of the interest, the option ceases to exist

with the condition upon which alone it could have been exercised. If this be the true rule of law as applicable to contracts of this nature, and we so regard it, the defendant made a clear case on which to go to the jury, if, indeed, it did not call for a directed verdict in his favor.

For the reasons stated, the cause must be remanded for a new trial, and to that end the judgment of the district court is *reversed*.