**IOWA GRAIN, Appellant,**

v.

**FARMERS GRAIN AND FEED COMPANY, INC., and Glen Staley, Appellees.**

No. 63156.

Supreme Court of Iowa.

June 18, 1980.

Philip M. Bloom Ltd., Chicago, Ill., and Philip S. Deats of Whitesell Law Firm, Iowa Falls, for appellant.

Richard G. Santi of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, G. A. Cady of Hobson, Cady & Drew, Hampton, and M. Van Smith, Palo Alto, Cal., for appellees Farmers Grain & Feed Co., Inc., and Glen Staley.

Considered by REYNOLDSON, C. J., and REES, McCORMICK, McGIVERIN, and LARSON, JJ.

McCORMICK, Justice.

This appeal concerns obligations of a broker and customer in relation to a commodity futures trading account. The action was brought by plaintiff Iowa Grain, a brokerage firm, to collect an alleged debit balance owed by defendant Farmers Grain and Feed Company, Inc. ("Farmers"), the customer. Farmers defended and counterclaimed on the ground of Iowa Grain's alleged prior breach of contract in failing to close the account at a time when Farmers had a credit balance. After trial to the court at law, the trial court entered judgment against Iowa Grain on its claim and awarded Farmers $60,584.16 on its counterclaim. In seeking reversal, Iowa Grain's principal contentions are that the trial court erred in finding it breached its account contract with Farmers and refusing to find Farmers waived any such breach. We affirm.

The parties entered a commodity account agreement when the account was opened. They executed a document furnished by Iowa Grain which provided in part: "[A]ll transactions shall be subject to the rules and customs of the exchange and clearing house or market where executed . . ." It also gave Iowa Grain authority to liquidate the account whenever it deemed the margin insufficient.

Farmers defended Iowa Grain's suit on the account and based its counterclaim on Iowa Grain's alleged breach of its contractual duty to follow the rules and customs of the Chicago Board of Trade relating to margin calls. Iowa Grain sought recovery for the debit balance in the account on the date it was closed. The defense and counterclaim were based on a contention that if Iowa Grain had performed its contractual

duty the account would have been closed at an earlier date, when a credit balance existed. The account balance fluctuated widely because the market was extremely volatile during the period involved. All transactions were on the Chicago Board of Trade.

At the times material here, rule 210 of the Board provided in part:

No member may accept or carry an account for a customer, whether a member or nonmember, without proper and adequate margin. The Board, by regulation, shall fix minimum margin requirements.

Standard procedure was for brokers to issue margin calls to the customer by telephone and in writing after the close of business on any day when the customer's account closed below margin. Farmers' account fell below margin on February 1, 1973. Although Iowa Grain contended it issued a margin call to Farmers on that date, defendant Glen Staley, Farmers' president, denied Farmers received it. He denied receiving either oral or written margin calls on that occasion and on four later occasions when Farmers' account fell under margin. A broker testified that the custom was to liquidate undermargined accounts when the customer could not be reached with a margin call within twenty-four hours. Iowa Grain did not liquidate Farmers' account in accordance with this custom.

The trial court found "that Iowa Grain did not telephone Mr. Staley of Farmers Grain on either February 1st or 2nd and that Farmers Grain did not receive a timely margin call because of the February 1st under margin position." The court held Iowa Grain breached its duty in the management of the account. If it had not done so, the court found, the account would have been liquidated on February 2, 1973, with a credit balance of $46,683.25, which, with interest, became the amount for which the court entered judgment on Farmers' counterclaim. This appeal followed.

■ The trial court's findings of fact are supported by substantial evidence, and therefore we are bound by them. *Farmers Insurance Group v. Merryweather*, 214

N.W.2d 184, 186–87 (Iowa 1974). However, the parties do not agree on the legal effect of the findings, and this dispute gives rise to the determinative issues in this appeal. Those issues are whether Iowa Grain owed Farmers a contractual duty to follow the rules and customs of the Board of Trade and, if it did, whether Farmers waived Iowa Grain's alleged breach of that duty.

I. *Existence of contractual duty.* In challenging the trial court's judgment, Iowa Grain relies on cases holding that a violation of exchange rules will not alone give rise to a private cause of action unless the violation is fraud or "tantamount to fraud." *See, e. g., Friedman v. Dean Witter & Co.*, [1977–1980 Transfer Binder] Comm.Fut.L. Rep. (CCH) ¶ 20,539 (CFTC 1977) (reparation decision by administrative law judge); *Graves v. Shearson Hayden Stone, Inc.*, [1977–1980 Transfer Binder] Comm.Fut.L. Rep. (CCH) ¶ 20,478 (CFTC 1977) (reparation decision by administrative law judge). Iowa Grain asserts that a violation cannot be "tantamount to fraud" unless the rule involved is for the protection of investors. Reasoning that margin rules are not for the protection of investors, Iowa Grain argues that no defense to its action on the account or basis for counterclaim arises in the present case. *See Lincoln Commodity Services v. Meade*, 558 F.2d 469, 473 (8th Cir. 1977) (breach of margin rule does not excuse duty to indemnify broker for losses on account); *Berenson v. Madda Trading Co.*, [1977–1980 Transfer Binder] Comm.Fut.L. Rep. (CCH) ¶ 20,689, at 22,797 (D.D.C.1978).

The problem with Iowa Grain's contention is that Farmers' defense and counterclaim are not dependent on the existence of a private cause of action for breach of margin rules. Rather, the defense and counterclaim are based on Iowa Grain's alleged breach of contract. This is a different question. *See Lincoln Commodity Services v. Meade*, 558 F.2d at 473.

■ We have recognized the right of parties to contract for obligations greater than the law would impose upon them without the contract. *First Northwestern Na-*

*tional Bank v. Crouch*, 287 N.W.2d 151, 153 (Iowa 1980). A broker's covenant with its customer that it will follow exchange rules and customs establishes a contractual duty to the customer. *First Mid America, Inc. v. Palmer*, 197 Neb. 224, 230, 248 N.W.2d 30, 34–35 (1976). Breach of contractual duty to liquidate an undermargined account was recognized in *Palmer* as a defense to a broker's action on a commodity account. Similar reasoning supports allowing the customer to recover for damages caused by the same breach of duty. Therefore we hold that the trial court did not err in applying ordinary contract principles in adjudicating the merits of the claim and counterclaim in the present case.

II. *The waiver issue.* The remaining question is whether Farmers is precluded from relying on Iowa Grain's breach of contract on the ground of waiver. Evidence showed that Iowa Grain requested margin funds from Farmers on February 15 and February 16. Staley received these margin calls and mailed checks for the requested amounts to Iowa Grain on February 17. On February 22, a representative of Iowa Grain requested additional margin and directed Staley to wire the money rather than mail it. Staley did not send the money. Instead, on February 23 he stopped payment on the earlier checks and notified Iowa Grain to liquidate his account. The account was closed on that date with a substantial debit balance.

Iowa Grain contends Farmers waived any right to have its account liquidated on February 2 by sending checks in response to the margin calls of February 15 and 16. While the trial court found Farmers thereby waived a claim that the account should have been liquidated pursuant to instructions which Staley testified he gave Iowa Grain on February 9, the court held Farmers did not waive Iowa Grain's breach of

contract for failing to liquidate the account on February 2. The court reasoned that Iowa Grain failed to request margin when the account went under margin on February 1 and therefore Staley did not know when he responded to the later margin calls that circumstances existed requiring Iowa Grain to liquidate the account on February 2.

 Waiver is the voluntary and intentional relinquishment of a known right. *Federal Deposit Insurance Corp. v. Farrar*, 231 N.W.2d 602, 605 (Iowa 1975). The trial court held that Farmers did not waive Iowa Grain's breach of duty because it did not give up a known right when Staley issued the checks of February 15 and 17. The court found that Staley stopped payment when he became suspicious of the handling of the account. In these facts, the issue of waiver was for the trier of fact. *See Shearson Hayden Stone, Inc. v. Leach*, 583 F.2d 367, 370 (7th Cir. 1978). Because the evidence was not so overwhelming as to compel a finding of waiver as a matter of law, we have no basis to interfere with the court's finding that waiver was not shown. *See Roland A. Wilson and Associates v. Forty-O-Four Grand Corp.*, 246 N.W.2d 922, 925 (Iowa 1976).

We hold that Iowa Grain has not established a basis for reversal of the judgment and thus have no occasion to reach its contention that Staley would be personally liable on Farmers' account.

AFFIRMED.