Forest LOOPER *v.* STATE of Arkansas

CA CR 80-29                                    605 S.W. 2d 490
Court of Appeals of Arkansas
Opinion delivered September 24, 1980

E. *Alvin Schay*, State Appellate Defender, by: *Jack Kearney*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

STEELE HAYS, Judge. Appellant was charged by felony information with Second Degree Battery. The information stated that appellant did unlawfully cause serious physical injury to Iona Cranfill by striking and kicking her. Appellant pleaded not guilty to the charge. The case proceeded to trial where appellant was found guilty of battery in the third degree. He was senteced to one year in the Pulaski County Jail and fined $500.00. From this verdict appellant brings this appeal.

Appellant's first point for reversal is that the trial court erred in admitting into evidence the transcript of testimony of the complaining witness, Mrs. Iona Cranfill. Mrs. Cranfill's testimony was taken at a preliminary hearing in which defendant was represented by another attorney. Before trial, the State issued a subpoena for the witness, but apparently no other attempts were made to secure the witness for trial. On the morning of the trial, the State discovered the witness was not present. Consequently, the prosecutor made a motion to admit into evidence the transcript of Mrs. Cranfill taken at the preliminary hearing. Counsel for appellant objected to introduction of the evidence on two principal grounds: (1) that the defense was surprised at the suddenness of the motion and was unprepared to challenge it, and (2) the introduction of the testimony denied appellant his right of confrontation of witnesses against him which is guaranteed in the Sixth Amendment.

Upon consideration of this question, we start by recognizing that the United States Supreme Court has held

that the right of an accused to confront the witnesses against him which is guaranteed in the Sixth Amendment is ". . . a fundamental right . . . made obligatory on the States by the Fourteenth Amendment." *Dutton* v. *Evans*, 400 U.S. 74 (1970); *Pointer* v. *Texas*, 380 U.S. 400 (1965). The question presented in this case is very similar to the question posed in *Barber* v. *Page*, 390 U.S. 719 (1968). In *Barber*, the petitioner was charged with armed robbery. At trial, the State sought to introduce the transcript of the testimony of a witness who had been jointly charged with the petitioner. The testimony was taken at a preliminary hearing at which time petitioner was represented by counsel who also represented the witness. Attorney for petitioner withdrew as counsel for the witness when he waived his privilege against self-incrimination and testified at the preliminary hearing. Counsel for petitioner, nevertheless, did not cross-examine the witness.

At the time of the trial, the witness was incarcerated in a federal prison in Texas. The State made no attempt to obtain his presence at the trial. The trial judge allowed the transcript of the testimony, and petitioner was convicted. His conviction was upheld by the Oklahoma Court of Criminal Appeals. The petition then sought *habeas corpus* relief in federal district court, alleging that his constitutional right of confrontation had been denied. This contention was rejected by the United States District Court, and affirmed by the Court of Appeals for the Tenth Circuit.

On appeal to the United States Supreme Court, Justice Marshall, speaking for the Court, stated that use of the transcript of testimony taken at a preliminary hearing denied petitioner his Sixth and Fourteenth Amendment rights to be confronted with the witness against him at trial. The Court reached this conclusion by taking note of the fact that the State had made virtually no effort to obtain the witness's presence at trial other than obtaining the information that the witness was in federal prison in another jurisdiction. The Court, in recognizing the exception to the confrontation requirement where a witness is unavailable and has given testimony in previous judicial proceedings against the same defendant, stated that a witness is not "unavailable" for purposes of the exception "unless the prosecutorial authorities

have made *a good faith effort* to obtain his presence at trial." (Emphasis added.) The Court went on to say:

> [6, 7] Moreover, we would reach the same result on the facts of this case had petitioner's counsel actually cross-examined Woods at the preliminary hearing ... The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness. A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial. While there may be some justification for holding that the opportunity for cross-examination of a witness at a preliminary hearing satisfies the demands of the confrontation clause ... where the witness is shown to be actually unavailable, this is not, as we have pointed out, such a case.

In the case of *Satterfield* v. *State*, 248 Ark. 395, 451 S.W. 2d 730 (1970), the Arkansas Supreme Court recognized the rule stated in *Barber* that the prosecution must make a "good faith effort" to obtain a witness at trial before it can claim the "unavailability" exception to the confrontation requirement. In *Satterfield, supra*, the Arkansas Supreme Court had two years earlier reversed a conviction of arson against appellant. On retrial, appellant obtained another conviction with the same sentence. He appealed to the Arkansas Supreme Court, contending, among other things, that it was error to permit the reading of prior testimony of two State witnesses transcribed at the first trial when the State had failed to make a good faith effort to obtain their presence.

The Arkansas Supreme Court agreed with appellant to the extent that the State's efforts of obtaining the presence of one State witness, Larry Dunn, were feeble. Appellant was apparently convicted on the testimony of three companions, one of which was Larry Dunn. The State had issued a subpoena to Mr. Dunn to appear in court for a pre-trial conference for setting a specific trial date. The sheriff was unable to serve the subpoena because he could not find Mr. Dunn.

Another subpoena was issued for Dunn for the trial date. Again, the sheriff was unable to locate Dunn, but upon inquiry learned that he was in a trade school in Kentucky. The sheriff then abandoned any further effort of locating Dunn.

The Arkansas Supreme Court held that the State had failed to meet its burden of showing that the witness was "unavailable" for trial. Consequently, the trial judge had abused his discretion in permitting the introduction of Dunn's testimony. The court alluded to the fact that it would have been a simple matter to obtain the address of the witness because Dunn's sister had also been a witness for the State. Hence, the case was reversed.

In the instant case, the only evidence of a "good faith effort" to obtain the presence of the witness on the part of the Sate was the issuance of a subpoena. As was pointed out in *Satterfield*, the burden is on the State to show that the witness is "unavailable" for trial when offering a transcript of testimony as evidence. We do not think that the State has met its burden in this instance. All that *is* shown is that the State issued a subpoena. The State argues that appellant was not denied his right to confrontation because he was allowed to cross-examine the witness at the preliminary hearing. However, as it was pointed out in *Barber*, the right to confrontation ". . . is basically a trial right." The strategy used in cross-examination at a preliminary hearing may be a completely different one from that used at the trial level, and as counsel for appellant correctly recognized, it may have denied appellant's right to competent assistance of counsel. Nevertheless, we hold the State failed to meet its burden of proof and reverse the conviction.

Reversed and remanded.