W. A. DUNN and Lola Dunn, Appellants,

v.

GENERAL EQUITIES OF IOWA, LTD., Appellee.

No. 66050.

Supreme Court of Iowa.

May 19, 1982.

Patrick B. Chambers, Webster City, for appellants.

Gerald Stambaugh of Laird, Burington, Bovard, Heiny, McManigal & Walters, Mason City, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, McCORMICK and ALLBEE, JJ.

McCORMICK, Judge.

The question here is whether the trial court erred in holding that the payees of two promissory notes waived their right to invoke acceleration clauses by accepting late payments on several prior occasions. We must decide if acceleration clauses can be waived by a previous course of dealing between the parties and, if so, whether the finding of waiver in this case is supported by substantial evidence. Because we give affirmative answers to each of these issues, we affirm the trial court.

Plaintiffs W. A. and Lola Dunn are payees on separate notes executed by defendant General Equities of Iowa, Inc., on March 31, 1974. The notes are identical except for the payees' names. Each provides for payment of $121,170 with seven percent annual interest. They are payable over a period of ten years, with annual installments due on or before March 31 of each year starting in 1975. Delinquent installments draw interest of nine percent. The acceleration clauses provide: "Upon default in payment of any interest, or any installment of principal, the whole amount then unpaid shall become due and payable forthwith, at the option of the holder without notice."

The parties agree that the 1979 payments were not made until April 10, 1979. Plaintiffs returned defendant's single check for both 1979 installments and demanded pay-

ment of the entire unpaid balance, with interest, in accordance with the acceleration clause. Defendant refused payment, and this suit resulted.

The determinative issue at trial was whether defendant established its defense that plaintiffs had waived their right to invoke the acceleration clause by accepting late payments in the past. The case was tried to the court at law, and the court found for defendant on the basis of its defense. This appeal followed.

I. *Waiver by course of dealing.* This court has not previously decided whether the right to enforce an acceleration clause can be waived by a course of dealing of accepting late payments on prior occasions. The issue is not affected by statute and therefore must be decided under common law principles.

The court has long held that acceleration clauses are subject to principles governing contracts generally:

> Stipulations such as are found in these notes and in the mortgage under consideration are not regarded in the nature of a penalty or forfeiture, and, for that reason, viewed with disfavor by the courts, but as agreements for bringing the notes to an earlier maturity than expressed on their face, and are to be construed and the intention of the parties ascertained by the same rules as other contracts.

*Swearingen v. Lahner and Platt*, 93 Iowa 147, 151, 61 N.W. 431, 433 (1894); see *Federal Land Bank of Omaha v. Wilmarth*, 218 Iowa 339, 343–44, 252 N.W. 507, 509 (1934).

■ Contract rights, of course, can be waived, and an option to accelerate a debt is one such waivable right. Acceleration provisions are not self-executing, and "the holder of an instrument . . . must take some positive action to exercise his option to declare payments due under an acceleration clause. . . ." *Weinrich v. Hawley*, 236 Iowa 652, 656, 19 N.W.2d 665, 667 (1945). A failure to exercise the option or an acceptance of late payment will establish waiver:

> The notes did not become absolutely due on default in payment of the interest installment. Appellee had the right or

"option" to so consider them, and to proceed at once to bring suit upon them, but was under no obligation so to do. It could waive the default and permit the notes to run without payment of any interest until they fell due on July 5, 1912, and the statute of limitations would not begin to run against the principal debt before that date. If, the interest installment being past due, its payment was tendered or offered by the defendant, and plaintiff received and accepted the same as interest, or if, knowing that defendant paid it, understanding that it was being received in satisfaction of the past-due interest, it will be held to have waived the default, and can not thereafter make it a ground for declaring the whole debt due.

*Farmers' & Merchants' Bank v. Daiker*, 153 Iowa 484, 487, 133 N.W. 705, 705–06 (1911).

Moreover, this court has recognized that one way to prove waiver of contract provisions is "by evidence of a general course of dealing between the parties." *Livingston v. Stevens*, 122 Iowa 62, 69, 94 N.W. 925, 927 (1903). The court has held, for example, that a prior "course of dealing," as defined in the Uniform Commercial Code, "may overcome express terms in [a] security agreement and translate into an authorization for sale free of lien." *Citizens Savings Bank v. Sac City State Bank*, 315 N.W.2d 20, 26 (Iowa 1982). As defined in the UCC, "course of dealing" means "a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct." § 554.1205(1), The Code. This definition is similar to the definition of course of dealing in Restatement (Second) of Contracts § 223 (1979):

> (1) A course of dealing is a sequence of previous conduct between the parties to an agreement which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct.

(2) Unless otherwise agreed, a course of dealing between the parties gives meaning to or supplements or qualifies their agreement.

■ It is obvious, therefore, that waiving an acceleration option on prior occasions may constitute a course of dealing sufficient to establish waiver of the right to exercise the option on a subsequent occasion. This court has previously applied the rule in the context of real estate contract forfeitures:

> There is another reason why we think it should be held that appellees could make payment at the time the tender was made. The entire record shows a course of dealings between the buyer and the seller wherein the seller accepted payments made on dates other than those fixed by the contract. In so doing, we hold that the seller waived [its claim that payments could be made only at the time fixed in the contract].

*Westercamp v. Smith*, 239 Iowa 705, 717, 31 N.W.2d 347, 353 (1948). Because the rule is applicable to contract rights generally, the forfeiture context is not of controlling significance. Consequently we hold that the holder of an installment note who has engaged in a course of dealing of accepting late payments waives the right to accelerate the obligation upon a subsequent late payment unless the holder has notified the. obligor that future late payments will not be accepted.

Other courts that have considered the issue have reached a similar conclusion. *See Ashback v. Wenzel*, 141 Colo. 35, 346 P.2d 295 (1959); *Northside Bank of Miami v. LaMelle*, 380 So.2d 1322 (Fla.App.1980) (per curiam); *McGowan v. Pasol*, 605 S.W.2d 728 (Tex.Civ.App.1980); *Williamson v. Wanlass*, 545 P.2d 1145 (Utah 1976).

The right to withdraw a waiver of time for performance upon reasonable notice to the other party has been recognized previously by this court. *See Bettis v. Bettis*, 228 N.W.2d 193, 195 (Iowa 1975).

The trial court was correct in holding that acceleration options in installment notes can be waived by a course of dealing of accepting late payments.

■ II. *Sufficiency of evidence.* Because the case was tried to the court at law, the court's findings of fact have the force of a jury's special verdict. They are binding on us if supported by substantial evidence. When reasonable minds could differ, a waiver issue is for the trier of fact. *Iowa Grain v. Farmers Grain and Feed Company, Inc.*, 293 N.W.2d 22, 25 (Iowa 1980).

The evidence here showed that plaintiff accepted late payments on at least three of the four prior occasions. The 1975 payments were made by a single check dated April 1, 1975. The 1976 payments were made in two installments, one on April 13 and the other on June 16 of that year. Although letters from plaintiffs following the partial payments in April demanded payment of the installment balance with interest, they did not invoke the acceleration clause or demand timely payment of future installments. The 1977 payments were made on April 11, 1977, and the 1978 payments were made by a check dated March 31, 1978.

■ This evidence provides a substantial basis for the trial court to find a course of dealing demonstrating waiver of timely payment of the 1979 installments. An issue of fact was presented. Therefore the trial court's finding of waiver has sufficient evidentiary support.

AFFIRMED.