# IN THE COURT OF APPEALS OF IOWA

No. 14-2082
Filed December 9, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROBERT AYERS EATON JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jefferson County, Lucy J. Gamon, Judge.


        Defendant appeals his convictions for possession of a controlled substance (marijuana) with intent to deliver and delivery of a controlled substance (marijuana).  **AFFIRMED.**


        Jeffrey L. Powell of The Law Office of Jeffrey L. Powell, Washington, for appellant.

        Thomas J. Miller, Attorney General, and Alexandra Link, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., Bower, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Defendant Robert Eaton appeals his convictions for possession of a controlled substance (marijuana) with intent to deliver and delivery of a controlled substance (marijuana). We determine the State made a good faith effort to secure a witness for trial, but was unsuccessful, and the district court properly permitted the State to present the witness's deposition testimony. We also determine there is sufficient evidence in the record to support Eaton's conviction for delivery of marijuana. We affirm his convictions.

## I.    Background Facts & Proceedings

On August 20, 2013, Mincky Pasricha agreed to cooperate with officers from the Fairfield Police Department to purchase marijuana from Eaton. The officers searched Pasricha and placed a recording device on her.[1] She was given $1000 cash. The officers had written down the serial numbers of the money. The officers followed Pasricha to Eaton's home and waited outside when she entered the home. Pasricha stated, "Then we did the transaction." She stated she gave Eaton the $1000 and received a quarter pound of marijuana. She drove to the Fairfield Police Station, with the officers following, and turned in the marijuana.

Based on the controlled purchase of marijuana from Eaton, officers obtained a search warrant for his home. The officers found several baggies of marijuana, which had a combined weight of 74.4 grams. They seized $15,282 in cash. Eaton had $720 in his pocket that matched the serial numbers of the

---

[1] The recording device malfunctioned so there is no audio recording of the controlled purchase.

money given to Pasricha for the controlled buy of marijuana. Officers also found a scale. A small sample of the substance seized was tested and was determined to be marijuana. Lieutenant Colin Smith, who was certified as a marijuana technician, testified the substance "was all looked at and all looked the same."

Eaton was charged with possession of a controlled substance (marijuana) with intent to deliver, in violation of Iowa Code section 124.401(1)(d) (2013), and delivery of a controlled substance (marijuana), in violation of section 124.401(1)(d). Defense counsel deposed Pasricha on May 1, 2014.

The trial was set for September 3, 2014. The State attempted to serve Pasricha with a subpoena nine days before the trial. Lieutenant Smith testified he was unable to serve her. Officers spoke to her neighbors and her supervisor at her place of employment. They learned she had traveled to North Carolina. They were unable to contact her by the telephone number they had for her. Lieutenant Smith obtained a different telephone number from her employer but was unable to leave a voice message because her voice mailbox was full. On two occasions he was able to leave a call back number. Pasricha did not respond to attempts to contact her. The prosecutor stated he had personally attempted to contact her three times.

The State filed a motion seeking a ruling that Pasricha was unavailable under Iowa Rule of Evidence 5.804 and asking that it be permitted to present her deposition. After a hearing the district court ruled:

> Having determined that the State's efforts to locate Ms. Pasricha were reasonable although unavailing, the Court further determines that she is legally unavailable for trial. Therefore, her prior deposition testimony may be read to the jury pursuant to the

"former testimony" exception to the hearsay rule, as enunciated in Iowa R. Evid. 5.804(b)(1).

The case proceeded to a jury trial. Evidence was presented as outlined above. The jury found Eaton guilty of possession of a controlled substance (marijuana) with intent to deliver and delivery of a controlled substance (marijuana). The district court denied Eaton's motion for new trial and motion in arrest of judgment. He was sentenced to five years in prison on each charge, to be served concurrently. The sentences were suspended, and Eaton was placed on probation. He now appeals his convictions.

## II. Deposition Testimony

Eaton contends the district court improperly determined Pasricha was legally unavailable to testify at his criminal trial. He claims the State did not engage in a good-faith effort to secure her presence. He asserts Pasricha was a very important witness and it was essential for the jury to evaluate her credibility. Eaton contends his inability to cross-examine Pasricha at his criminal trial violated his rights under the Confrontation Clause.

Challenges to evidence based on the hearsay rule are reviewed for the correction of errors at law. *State v. Harper*, 770 N.W.2d 316, 319 (Iowa 2009). Claims involving the Confrontation Clause are reviewed de novo. *Id.*

Iowa Rule of Evidence 5.804 provides:

> a. *Definition of unavailability.* "Unavailability as a witness" includes situations in which the declarant:
> . . . .
> (5) Is absent from the trial or hearing and the proponent of a statement has been unable to procure the declarant's attendance by process or other reasonable means.

When a declarant is unavailable as a witness, the hearsay rule does not preclude the presentation of "a deposition taken in compliance with law in the course of the same or another proceeding if the party against whom the testimony is now offered, . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Iowa R. Evid. 5.804(b)(1); *State v. Ray*, 516 N.W.2d 863, 866 (Iowa 1994).

There is an exception to the Confrontation Clause "for the testimony of an unavailable witness who previously testified against the same defendant and was subject to cross-examination." *State v. Kite*, 513 N.W.2d 720, 721 (Iowa 1994) (citing *Barber v. Page*, 390 U.S. 719, 722 (1968) (noting "the right of cross-examination initially afforded provides substantial compliance with the purposes behind the confrontation requirement")). Thus, the use of prior testimony under rule 5.804(b)(1) "does not violate the confrontation clause of the Sixth Amendment to the Federal Constitution if the prosecuting authority has made a reasonable effort to secure the witness's presence." *State v. Murray*, 512 N.W.2d 547, 551 (Iowa 1994).

A witness is not considered "unavailable" "unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." *Barber*, 390 U.S. at 725; *see also State v. Holland*, 389 N.W.2d 375, 379 (Iowa 1986). "The lengths to which the State must go to produce a witness is a question of reasonableness." *State v. Wells*, 437 N.W.2d 575, 579 (Iowa 1989). "[D]ue diligence requires more than the issuance of a subpoena and the return of it not found." *State v. Dean*, 332 N.W.2d 336, 338 (Iowa 1983). The State has the

burden to establish its good-faith efforts to secure the presence of a witness. *State v. Zaehringer*, 325 N.W.2d 754, 759 (Iowa 1982).

We find the State went to reasonable lengths to produce Pasricha for the trial. *See Wells*, 437 N.W.2d at 579. Once the prosecutor was reasonably certain Eaton's trial would go forward as scheduled, nine days before the trial date, officers attempted to serve Pasricha with a subpoena. When their efforts were unsuccessful, Lieutenant Smith and the prosecutor attempted to call Pasricha but could not contact her. Officers also questioned Pasricha's neighbors and her employment supervisor to attempt to discover her whereabouts. They learned she had gone to North Carolina for about two weeks. Lieutenant Smith obtained a different telephone number for Pasricha from her supervisor and attempted to call her several times at that number. He was able to leave a call back number, but Pasricha did not call him back.

We conclude the State met its burden to show it made good-faith efforts to secure the attendance of Pasricha at defendant's criminal trial. We determine the district court properly found Pasricha was "unavailable" within the meaning of rule 5.804(a)(5). Defense counsel took Pasricha's deposition and had "an opportunity and similar motive to develop the testimony" during the deposition, and therefore, it was admissible under rule 5.804(b)(1). Because Pasricha was unavailable, the use of her prior testimony under rule 5.804(b)(1) did not violate Eaton's rights under the Confrontation Clause. *See Murray*, 512 N.W.2d at 551.

### III. Sufficiency of the Evidence

Eaton claims there is not sufficient evidence in the record to support his conviction for delivery of a controlled substance (marijuana). This conviction is

based on the controlled purchase of marijuana by Pasricha from Eaton. He states there was no evidence the substance obtained in the controlled purchase was tested or weighed. He points out that although Lieutenant Smith conducted a chemical test on a sample of the marijuana taken from his house during the execution of the search warrant, there was no evidence the substance obtained in the controlled purchase was tested.

We review claims challenging the sufficiency of the evidence in a criminal case for the correction of errors at law. *State v. Dalton*, 674 N.W.2d 111, 116 (Iowa 2004). We will uphold the jury's verdict when it is supported by substantial evidence. *State v. Hagedorn*, 679 N.W.2d 666, 668 (Iowa 2004). "Evidence is substantial if it would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." *State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005). We view the evidence in the light most favorable to the State, "including legitimate inferences and presumptions that may fairly be deduced from the record evidence." *State v. Carter*, 696 N.W.2d 31, 36 (Iowa 2005).

Pasricha agreed to cooperate with officers in purchasing a quarter pound of marijuana from Eaton. She was given $1000 in serialized bills. Pasricha's person, purse, and car were searched both before and after the sale. She was followed both to and from Eaton's home. Lieutenant Smith testified that when Pasricha returned to the police station she turned over a baggy of marijuana. Officer Joel Smith confirmed he saw a bag of marijuana on Lieutenant Smith's desk after Pasricha returned to the station.

Lieutenant Smith had obtained a certificate from the Iowa Division of Criminal Investigation in marijuana identification. He stated only a portion of the

marijuana was tested because the chemicals needed for the test were expensive.  He testified he did not test all of the other marijuana "[b]ecause they were all similar."  He also testified, "It was all looked at and all looked the same."

"We have always recognized that, for a person to be convicted of a drug offense, the State is not required to test the purported drug." *State v. Brubaker*, 805 N.W.2d 164, 172 (Iowa 2011).  "The finder of fact is free to use circumstantial evidence to find that the substance is an illegal drug." *Id.*  We determine there is substantial evidence in the record to support Eaton's conviction for delivery of a controlled substance (marijuana).  The evidence shows the substance purchased by Pasricha from Eaton at his home was marijuana.

We affirm Eaton's convictions.

**AFFIRMED.**